## HUGHEY v BRADRICK

Ohio Appeals, 6th Dist, Lucas Co
No 2481. Decided Jan 26, 1931

Alfred J. Croll, Toledo, for Hughey.
George S. Moss, Toledo, for Bradrick.

**LLOYD, J.**

If the words alleged in the petition to have been spoken of plaintiff by defendant are actionable per se or produced temporal loss to the plaintiff in special damage sustained by her, then the petition states a cause of action. **Hollingsworth vs. Shaw, 19 Oh St 430.** At page 432 of the opinion it is stated that

"The general current of decisions warrants us in saying that to render words actionable per se on the ground that they impute criminality to the plaintiff they must first be such as charge him with an indictable offense and, second, the offense charged must involve a high degree of moral turpitude or subject the offender to infamous punishment."

Turpitude is defined by Webster as "inherent baseness or vileness of principle, words or action; shameful wickedness; depravity", whereas conduct is regarded as moral that conforms to the generally accepted rules which society recognizes should govern every one in his social and commercial relations with others, regardless of whether those rules are enforcible as legal obligations.

So that it would seem that what is moral is the antithesis of that which involves turpitude, the word moral as used in the phrase "involving moral turpitude" serving only to emphasize the nature of the wrong committed.

The Supreme Court of Kansas states that

"Turpitude in its ordinary sense involves the idea of inherent baseness or vileness; shameful wickedness, depravity. In its legal sense it includes everything done contrary to justice, honesty, modesty or good morals." State ex rel vs. Anderson, 117 Kansas, 120.

And moral turpitude, according to the Supreme Court of Alabama

"implies something immoral in itself, regardless of the fact whether it is punishable by law.

The doing of the act itself and not its prohibition by statute, fixes the moral turpitude." Pippin vs. State, 167 Ala., 616.

It is clear that the petition of plaintiff alleges that the defendant, in the presence of others, charged plaintiff with having committed an indictable offense, either a felony or a misdemeanor, depending upon the value of the property therein described, and it is equally certain that what is alleged to have been said, if false, does not harmonize with any present recognized rule of morals. What a day may bring forth in these changing times, we are not called upon to anticipate. Neither do we doubt, that within the definition above quoted, the words alleged to have been spoken involve turpitude.

We conclude, therefore, that the petition of plaintiff states a cause of action because it alleges not only that defendant charged her with the commission of an indictable

offense involving moral turpitude, but also because it is alleged therein, in effect, that the plaintiff sustained special damage in that she has been injured thereby in her ability to obtain employment and acquire earnings as theretofore.

What facts the evidence will disclose at the trial is another matter. The judgment of the court of common pleas is reversed and the cause remanded thereto with directions to overrule the motion for judgment on the pleadings and to further proceed in accordance with law.

Williams and Richards, JJ, concur.